UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CHARLES BOYCE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:08 CV 338 JM |
| | ) | |
| MARC DESHAIES, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Charles Boyce, who is confined at the Allen County Jail, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that Fort Wayne police officers Marc DeShaies, Daniel Amos, and Josh Hartup violated his federally protected rights by stopping, searching, and arresting him without probable cause and by seizing his "U.S. Currency." (Complaint at pp. 3-4). He asserts that the defendants violated rights protected by the Constitution's fourth, fifth, eighth, ninth, and fourteenth amendments, and asks the court to award him $700,000.00 in damages. (*Id.* at p. 6).

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-1965 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n. 3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual

2

allegation." *Id.*, 127 S.Ct. at 1965, citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Boyce's claims arise from an investigatory stop and arrest, which he asserts violated the Fourth Amendment. He alleges that Officer Deshaies "did not have reasonable suspicion grounded in specific and articulable facts . . . to initiate a traffic stop on plaintiff Boyce vehicle (no probable cause)." (Complaint at p. 3). Boyce concedes that Officer Deshaies received information that Boyce was the owner of the vehicle he was following and that Boyce had an active warrant — but he asserts that "no basis existed upon which the off. M. Deshaies could conclude that the driver of the vehicle (wearing a hooded sweatshirt over his head at 19:40 hours night time) was in fact, the registered owner of the vehicle . . .." (*Id*). According to the complaint, Officer Deshaies stopped Boyce's car, determined that Boyce was in fact the driver, and found drugs and an unspecified amount of "U.S. Currency" in his possession.

The Fourth Amendment does not prohibit all searches and seizures, but only those that are "unreasonable." *United States v. McCarthur*, 6 F. 3d 1270, 1275 (7th Cir. 1993). One of the well-established exceptions to the Fourth Amendment's warrant requirement is "the ancient common-law rule that a peace officer [is] permitted to arrest without a warrant for a misdemeanor or felony committed in his presence as well as for a felony not committed in his presence if there [is] reasonable ground for making the arrest." *United States v. Watson,* 423 U.S. 411, 418 (1976). An arrest is reasonable for Fourth Amendment purposes if the arresting officers had probable cause to believe a

3

crime had been committed and that the arrestee was the person who committed that crime. *Michigan v. Summers*, 452 U.S. 692 (1981). The existence of probable cause completely bars a Fourth Amendment claim. *Booker v. Ward,* 94 F.3d 1052, 1057 (7th Cir. 1996) *cert. denied*, 519 U.S. 1113 (1997)*; Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995). A plaintiff may not recover on a Fourth Amendment claim where "'a reasonable officer could have believed [the plaintiff's arrest] to be lawful, in light of clearly established law and the information the [arresting] officer possessed.'" *Hunter v. Bryant*, 502 U.S. 224, 227 (1991), quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

Were this matter before the court solely on the plaintiff's complaint, his allegations, taken as true, might be sufficient to allow his Fourth Amendment claim to go forward. But, unfortunately for Boyce, the Fort Wayne division of this court has already considered his Fourth Amendment claims in *United States of America v. Charles A. Boyce*, 1:07-cr-00100 WCL and found them wanting. Federal criminal charges have been brought against Boyce as a result of drugs the defendants found in his possession when they searched him and his vehicle on November 27, 2007. Boyce moved to suppress the evidence the defendants discovered. The Honorable Judge William Lee of this court conducted a hearing on Boyce's motion to suppress, and entered a lengthy memorandum of opinion and order on August 20, 2008. Boyce presented the same Fourth Amendment claims and arguments in his motion to suppress as he does in his § 1983 complaint. Judge Lee discussed these claims, determined that the search and

seizure did not violate Boyce's Fourth Amendment rights, and denied the motion to suppress.

The Collateral Estoppel or "issue preclusion" doctrine provides that when an issue that is actually and necessarily decided by a court of competent jurisdiction is conclusive in all subsequent legal actions involving a party to the prior litigation. *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000). Issue preclusion may bar a § 1983 plaintiff from relitigating a Fourth Amendment search and seizure claim that he lost at a suppression hearing in his criminal case. *See Allen v. McCurry*, 449 U.S. 90 (1980); *Guenther v. Holmgreen*, 738 F.2d 879, 883 (7th Cir. 1984). For issue preclusion to bar a claim, four elements must be met: (1) the issue sought to be precluded is the same as that involved in the prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action. *Adair v. Sherman*, 230 F.3d at 893.

All four of these elements are present in this case. Accordingly, the determination by Judge Lee of this court that the search and seizure conducted by the defendants in this case on November 27, 2007, was not unreasonable precludes Boyce from seeking to relitigate his claim that the search and siezure peformed by the defendants violated the Fourth Amendment.

Boyce also asserts that at least some of the defendants' actions violated the Fifth Amendment's due process clause. The Fifth Amendment's due process clause,

however, applies only to acts of the federal government and does not limit actions of state officials. *Craig v. Cohn*, 80 F.Supp.2d 944, 947 (N.D. Ind. 2000).

Boyce alleges that Officer Deshaies violated rights protected by the Constitution's Ninth Amendment. He specifically alleges that by engaging in "racial profiling" Officer Deshaies "singl[ed] out my vehicle because the driver was a black male that's discrimination, in violation of my (Plaintiff's) 9th amendment" rights. (Complaint at p. 4).

> The Ninth Amendment is a rule of interpretation rather than a source of rights. Its purpose is to make clear that the enumeration of specific rights in the Bill of Rights is not intended (by the interpretive priciple *expressui o unius est exclusio alterius* ) to deny the existence of unenumerated rights.

*Froehlich v. State Department of Corrections,* 196 F.3d 800, 801 (7th Cir. 1999) (citations omitted).

"Racial profiling" is not a Ninth Amendment claim, it is a Fourteenth Amendment equal protection claim, *Chavez v. Illinois State Police*, 251 F.3d 612 (7th Cir. 2001), and the facts before the court establish that Boyce states no equal protection racial profiling claim upon which relief can be granted. The suppression hearing conducted in *Uniteed States of America v. Charles A. Boyce*, 1:07-cr-00100 WCL establishes that Officer Deshaies stopped Boyce not because he was "driving while black," but because he was driving suspiciously while the subject of an outstanding warrant.

Boyce also asserts that the defendants violated the Eighth Amendment's prohibition against cruel and unusual punishments. He specifically alleges that "[c]ruel and unusual punishment was inflicted upon the plaintiff after [he] landed in the Allen

6

County Jail (lockup)." (Complaint at p. 4). Although Boyce does not favor the court with a description of what might have happened to him at the Allen County Jail that was cruel or unusual, whatever happened did not violate the Eighth Amendment's prohibition against cruel and unusual punishments because he was at the jail as a pretrial detainee. The Eighth Amendment only applies to convicted prisoners, *Bell v. Wolfish*, 441 U.S. at 535 n. 16, while the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, *Id.* at 535 n. 16, but "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988). It is appropriate, therefore, that Boyce also asserts that the defendants violated his rights under the Fourteenth Amendment's due process clause.

As noted, however, Boyce has not stated what happened at the jail that he believes constituted cruel and unusual punishment. Therefore, it is impossible to determine whether events or conditions of confinement at the Allen County Jail, where Boyce was held after his arrest, violated the Fourteenth Amendment's due process clause. A plaintiff cannot avoid dismissal simply by attaching bare legal conclusions to narrated facts that do not outline the basis of his claims. *Sutliff Inc. v. Donovan Companies*, 727 F.2d 648, 654 (7th Cir. 1984); *Thomas v. Farley*, 31 F.3d 557 (7th Cir. 1994).

In any event, Boyce may not raise those claims in this complaint because the defendants are the arresting officers, not confinement officers at the jail. Section 1983 creates a cause of action for damages based on personal liability. A plaintiff must show

7

the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F. 2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, which allows a superior to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Because the defendants named in this complaint are not involved in operating the Allen County Jail, they have no personal involvement in any events that occurred there after they turned Boyce over to jail officials.

In circumstances such as this, where a *pro se* plaintiff has named defendants who lacked personal involvement in his claim, there are occasions when this court would allow him to amend his complaint to add the defendants who were responsible for events he complained of. This case, however, is not one of them because the complaint is so deficient that it does not state an actual Fourteenth Amendment conditions of confinement claim against anyone, and because *George v. Smith*, 507 F.3d 605 (7th Cir. 2007) precludes Boyce from bringing unrelated claims in the same action:

> A buckshot complaint that would be rejected if filed by a free person--say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions--should be rejected if filed by a prisoner. George did not make any effort to show that the 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is "common to all defendants".

*Id.* at 607.

The district court did not question George's decision to join 24 defendants, and approximately 50 distinct claims, in a single suit. It should have done so. The controlling principle appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees--for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g). George was trying not only to save money but also to dodge that rule. He hoped that if even 1 of his 50 claims were deemed non-frivolous, he would receive no "strikes" at all, as opposed to the 49 that would result from making 49 frivolous claims in a batch of 50 suits.

*Id*.

This complaint deals with claims arising out of the investigatory stop, search, and arrest of Boyce by Officers DeShaies, Amos, and Hartup on November 27, 2007. Boyce may not bring unrelated claims of treatment at the Allen County Jail against other defendants in this case, though he may file a separate § 1983 claim against officials employed at the jail in another complaint.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

                                          **SO ORDERED.**

DATE: October 23, 2008

                                       s/ James T. Moody  
                                       JUDGE JAMES T. MOODY  
                                       UNITED STATES DISTRICT COURT